### ABRAHAM DeCoo v. JOHN WOODWORTH.

*Will—Payment of legacy—Mortgage—Subrogation of executor.*

A father bequeathed to his son a mortgage given to him by the son, charged with the payment of a legacy to his daughter. The daughter made an arrangement with her father's executor by which he agreed to surrender certain notes he held in his individual character against her husband, and take her receipt in full for the legacy, and the son agreed to give his note to the executor for the amount of the legacy, and the executor agreed to discharge the mortgage and close up the estate. The arrangement was carried out, except as to the discharge of the mortgage and the settlement of the estate. The receipt was filed in probate court, and no assignment of the claim of the legatee was asked for or taken. The executor kept the note for nearly two years, and then returned it under cover, and, as executor, commenced a statutory foreclosure of the mortgage, claiming that he was mistaken as to the solvency of the son when the note was given, and had the right to surrender it, and sue on his original obligation to pay the legacy. And in a suit brought by the son to enjoin the foreclosure it is held that the agreement of the executor to discharge the mortgage entered into the consideration for the note, and that he cannot be allowed to revive the mortgage, nor can he use his office as executor to enforce the payment of the note.

Appeal from Eaton. (Hooker, J.) Submitted on briefs April 20, 1893. Decided July 25, 1893.

Bill to enjoin the statutory foreclosure of a mortgage.

Complainant appeals. Decree reversed, and one entered as prayed. The facts are stated in the opinion.

*Dean & McCall,* for complainant.

*Huggett & Smith,* for defendant, contended:

1. The evidence shows that the note was not taken in full payment of the legacy, and that the defendant made no unqualified promise to discharge the mortgage.

2. A promissory note is no payment unless expressly agreed to be so taken; citing *Gardner v. Gorham,* 1 Doug. 510; *Jennison v. Parker,* 7 Mich. 365; and, if dishonored when due, it cannot be regarded as a payment for any purpose; citing *Ex parte Blackburne,* 10 Ves. 206; *Markle v. Hatfield,* 2 Johns. 460; *Putnam v. Lewis,* 8 Id. 389; and, if taken for an antecedent debt, the debt is not discharged, unless the note is given and received in absolute payment thereof, and the burden of proof is upon the party asserting the fact to show that it was so given and received; citing *Geib v. Reynolds,* 35 Minn. 331, and cases cited.

McGRATH, J. Complainant had given a mortgage to his father, who died testate in May, 1888, leaving the mortgage to complainant, charged with the payment of decedent's debts, his funeral expenses, the erection of a monument upon the family burial lot, and the payment of $400 to complainant's sister, Mrs. Bursons. Defendant was named, appointed, and qualified as executor. Complainant had, in 1888, paid the funeral expenses and debts, and had erected the monument. Woodworth had a personal claim against the husband of Mrs. Bursons of $457, for which he held Bursons' notes. He regarded this claim of little value, and considered complainant as solvent. In November, 1888, he made an arrangement with Mrs. Bursons by which he was to surrender her husband's notes, take her receipt in full for the legacy, and take complainant's note for $400, and look to him for that amount. This arrangement was carried out. Bursons' notes were surrendered, Mrs. Bursons gave her receipt "in full of the legacy," and complainant gave his note to Woodworth for

$400, payable one year after date. The receipt given by Mrs. Bursons was filed in the probate court. No assignment of Mrs. Bursons' claim was asked for or taken.

Defendant's version of the transaction is as follows:

"*Q.* Did you at the time agree with Hannah Bursons and her husband to take the note or obligation of Abraham De Coo for $400, in payment of her legacy?

"*A.* Yes, that was the agreement upon which the notes were surrendered. * * *

"*Q.* Soon after your return home, did you see Abram De Coo, Jr., in relation to this matter, state to him the arrangement that you had made with Hannah Bursons and her husband, and request him to give you his note of $400?

"*A.* Well, it was, I think, in May. I went down to Grand Ledge, and I stayed with Abram over night, and I told him there that I had made this arrangement; and he gave me a note, at my request, for $420, in payment of this legacy and some other business."

Complainant testifies that when he gave the note to defendant the latter agreed to close up the estate and discharge the mortgage. Defendant does not deny this. His testimony is as follows:

"*Q.* To refresh your recollection, at the time Mr. De Coo gave you the $400 note, did you not state to him, in the presence of his wife, that everything was fixed up satisfactorily? 'Come up, and we will go to Charlotte and discharge the mortgage?'

"*A.* I did not; not in them words.

"*Q.* Did you say so in substance?

"*A.* I will state what I said: I stated then that we would come out sometime, and straighten the business all up, and I would get my discharge and the discharge of the bondsman.

"*Q.* And you meant, of course, that that included the discharge of the mortgage?

"*A.* Yes, of course; all of the business. * * *

"*Q.* Was there anything said, at the time you took the note, that you took it in payment of the legacy?

"*A.* I think there was. Well, nothing in particular said, more than this. Abe and I settled up, and added $20 that he also owed me, and put it all in one note.

"*Q.* What was said about your taking that note in payment of the legacy?

"*A.* Well, we was to meet at Charlotte, and settle up the business. *    *    *    *    *    *    *    *

"*Q.* You say this was after he had given you the note?

"*A.* Yes. Now, this was not the talk, but it was my supposition,—that he would come out, and the whole thing would be settled up, so that I could get my discharge; and that would include the discharge of the mortgage. This I said to Abe; that some time we would go out to Charlotte, and we would settle the whole matter up, so that I could get my discharge. After this note was signed, I went and saw Abe, and wanted him to go to Charlotte and fix this matter up, so that I could get the release of Mr. Hudson, who was on my bond. There was a day set, and on that day I came down here. I came for the purpose of making a final settlement."

He says further:

"I never asked him to pay the note but once, and that was about six months after it became due. At the time I took the note, I considered him perfectly solvent. If I had known his financial condition, I would not have taken this note. I never expected to get my pay on the Bursons notes."

Defendant kept the note for 1 year and 10 months, then returned it under cover, and, as executor, commenced a statutory foreclosure of the mortgage. His theory now is that he was mistaken in regard to complainant's solvency at the time that the note was given, and that he had a right to surrender the note, and sue on the original obligation. But the original obligation was due to Mrs. Bursons. Complainant was released from that obligation, and assumed another,—the indebtedness of Bursons. Mrs. Bursons receipted in full for the legacy, Woodworth filed that receipt in the probate court, complainant gave his personal obligation to Woodworth, and both parties agreed that the mortgage should be discharged, the estate closed, and Woodworth's bondsman released. Complainant owes defendant $400, but, in consideration of his assumption of

the promise to Woodworth, the latter agreed to discharge the mortgage and close up the estate. The very security which he claims the right of succession to he agreed to discharge, and that agreement entered into the consideration for the note. He cannot now be allowed to revive the mortgage, nor can he be permitted to use his office as executor to enforce payment of an obligation running to himself.

The decree below is reversed, and a decree entered here for complainant, with costs of both courts.

LONG and MONTGOMERY, JJ., concurred with McGRATH, J.

GRANT, J. (*dissenting*). In 1876, complainant purchased from his father certain land, a part of which is involved in this suit. The purchase price was $3,200, and he executed to his father a mortgage for $2,200 to secure the unpaid purchase price. The father died testate, devising to complainant this mortgage, charged with the payment of a legacy of $400 to his daughter, Mrs. Bursons, a sister of complainant, his just debts and funeral expenses, and the erection of a gravestone. Defendant was appointed executor of the will. Defendant commenced a foreclosure of this mortgage by advertisement, and complainant filed the bill in this cause to restrain the foreclosure proceedings, upon the ground that he had paid the debts, funeral expenses, the legacy to his sister, and had erected a suitable gravestone or monument. There were no debts to pay, and it is conceded that complainant paid the funeral expenses and erected the monument; but it is denied that he paid the legacy to his sister.

Mrs. Bursons' husband was indebted to defendant in the sum of $457, borrowed money. It was arranged between complainant, defendant, Mrs. Bursons, and her husband that the $400 bequeathed to Mrs. Bursons might be applied on the debt due from Mr. Bursons to defendant,

and that complainant would pay the amount of the legacy to defendant. The arrangement was carried out, and defendant credited Mr. Bursons with the $400, and took a receipt from Mrs. Bursons, acknowledging the receipt of the legacy. The receipt read as follows:

"Received of John Woodworth, executor of the estate of Abraham De Coo, deceased, the sum of $400, being payment in full of my legacy in said will, and as heir at law of said deceased."

Thereupon complainant gave his note to defendant for $420, which included the amount of the legacy, and $20 which complainant owed defendant. The note was due one year from date. Complainant did not pay the note when it became due, whereupon defendant returned the note to him, and commenced the foreclosure proceeding.

Complainant has no equities. He has not paid the legacy, or any part thereof. The executor paid it for him, and under an agreement with him. He has not come into court with clean hands. He has not complied with the rule that "he who asks equity must do equity." Under the arrangement, defendant succeeded to the rights of Mrs. Bursons, and had the same right to foreclose the mortgage for the payment of the legacy as he would have had if Mrs. Bursons had received nothing. The note by complainant to defendant was not given and received in payment. The mortgage was not discharged, and complainant was not entitled to a discharge until he himself had paid the legacy. Complainant having failed to pay the note, the defendant had the legal right to return the note, and resort to his rights under the mortgage. Since the note was not received in payment, its only effect was to extend the time of payment. Complainant can relieve his land from the lien of the mortgage by paying the $400, with interest from November 12, 1888, the time when defendant paid it for him.

The decree should be affirmed, with costs.

HOOKER, C. J., took no part in the decision.